IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROSIE B. HAYNES                                                      PLAINTIFF

vs.                                Civil No. 4:17-cv-04024

NANCY A. BERRYHILL                                      DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Rosie B. Haynes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on June 29, 2011. (Tr. 105). In these applications, Plaintiff alleges being disabled due to glaucoma, a skin condition, and anemia. (Tr. 287). Plaintiff alleges an onset date of January 1, 2001. (Tr. 105). Her applications were denied initially and again upon reconsideration. (Tr. 100-101).

Plaintiff requested an administrative hearing, and this hearing request was granted. In fact, Plaintiff had three administrative hearings. Plaintiff's first administrative hearing was held on

August 3, 2012. (Tr. 91-99). After that hearing, the ALJ entered an unfavorable decision on August 12, 2012. (Tr. 102-111). After this decision was entered, the Appeals Council entered an order directing the ALJ to further develop the record and consider a psychological assessment dated August 27, 2012. (Tr. 116-119). Her second administrative hearing was held on August 4, 2014. (Tr. 85-90). During that hearing, the ALJ found the record had not been properly developed and ordered a consultative examination. *Id.*

After this examination had been completed, Plaintiff's third administrative hearing was held on November 12, 2015 in Shreveport, Louisiana. (Tr. 42-58). At this third hearing, Plaintiff was present and was represented by counsel, Greg Giles. (Tr. 42-58). Plaintiff and Vocational Expert ("VE") Juanita Grant testified at this hearing. *Id.*

Subsequent to this hearing, the ALJ entered a second hearing decision. (Tr. 15-34). This decision was partially favorable and awarded Plaintiff disability benefits as of December 17, 2015. (Tr. 33, Finding 11). However, prior to this date, the ALJ found Plaintiff was not disabled. (Tr. 15-34). Specifically, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 22, Finding 1). The ALJ determined that since her application date of June 29, 2011, she had the following severe impairments: hypertension, obesity, depression, anxiety, and borderline intellectual functioning. (Tr. 22, Finding 2). The ALJ also determined that since her application date of June 29, 2011, she did not have an impairment or impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-25, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 25-32, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that since the application date, June 29, 2011, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can understand, remember, and carry out no more than one, two, or three step instructions. She cannot have strict production quotas. She is limited to occasional contact with the general public and coworkers.

*Id.*

Considering her RFC, the ALJ determined Plaintiff had been unable to perform any of her Past Relevant Work ("PRW") since her application date of June 29, 2011. (Tr. 32, Finding 5). The ALJ determined that prior to her established disability onset date, she was individual closely approaching advanced age. (Tr. 32, Finding 6). As of December 17, 2015, the ALJ determined Plaintiff's age category changed to an individual of advanced age. (Tr. 32, Finding 6). As for her education, the ALJ determined Plaintiff had a limited education was able to communicate in English. (Tr. 32, Finding 7).

The ALJ then considered whether there was other work existing in the national economy that Plaintiff could perform. (Tr. 32-33, Finding 9). The Vocational Expert ("VE") testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined that *prior to* December 17, 2015, there were jobs that existed in significant numbers that Plaintiff could have performed. (Tr. 32-33, Finding 9). Representative occupations included: (1) housekeeper (light, unskilled) with 929,540 such jobs in the nation; (2) laundry worker (light, unskilled) with 929,540 such jobs in the nation; and (3) garment sorter (light, unskilled) with 217,500 such jobs in the nation. *Id.* Based upon that testimony, the ALJ determined Plaintiff was not disabled prior to

3

December 17, 2015. *Id.*

However, beginning on December 17, 2015, the date her age category changed, the ALJ determined there were no jobs existing in significant numbers in the national economy Plaintiff could perform. (Tr. 33, Finding 10). Thus, as of December 17, 2015, the ALJ found Plaintiff was disabled. *Id.* On March 18, 2016, Plaintiff requested the Appeals Council's review of the ALJ's partially unfavorable decision. (Tr. 14). The Appeals Council denied this request. (Tr. 1-3).

Thereafter, on April 17, 2017, Plaintiff filed his Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff argues the following: (1) the ALJ erred in applying the Listings; (2) the ALJ erred in his RFC determination; and (3) the ALJ erred in presenting his hypothetical to the VE. ECF No. 11 at 1-16. Upon review, the Court finds the ALJ erred in considering Plaintiff's mental limitations in his RFC determination. Thus, the Court will only address Plaintiff's first argument for reversal.

However, prior to addressing this argument, the Court first notes that the ALJ found Plaintiff disabled *as of December 17, 2015*. Thus, the Court will only address the time-period from June 29, 2011 (application date) through December 17, 2015 (when the ALJ determined Plaintiff was disabled). Since this preliminary matter has been addressed, the Court will now consider the ALJ's RFC determination.

Indeed, in his opinion, the ALJ recognized Plaintiff was administered the WAIS-IV in August of 2012 to evaluate her cognitive abilities, and she was assessed as having a full scale IQ score of 50. (Tr. 27). The ALJ recognized this score placed her in the "extremely low" range of overall intellectual functioning. *Id.* Even the SSA's own examiner found on December 23, 2015 that Plaintiff had a moderate limitation in her ability to respond appropriately to usual work situations and to changes in a routine work setting, a moderate limitation in her ability to make judgments on simple work-related decisions, a marked limitation in understanding and remembering complex instructions, a marked limitation in her ability to carry out complex instructions, and a marked

6

limitation in her ability to make judgment on complex work-related decisions. (Tr. 632-633).

Despite these findings, the ALJ still determined she retained the capacity to perform light work with only the limitation that she can "understand, remember, and carry out no more than one, two, or three step instructions," cannot have "strict production quotas," and "is limited to occasional contact with the general public and coworkers." (Tr. 25). The ALJ placed no restrictions on her ability to make work-related judgment decisions, and Plaintiff may still have production quotas as long as they are not "strict."

Further, it is also worth noting that under Listing 12.05, a full scale IQ score of 70 or below qualifies as "disabled" as long as the claimant can present evidence that the disorder began *prior to* the claimant turning 22. Here, Plaintiff has no evidence of such a low score before the age of 22 so she does not meet the requirements of Listing 12.05. However, Listing 12.05 is instructive in this case. Notably, Plaintiff's full scale IQ score is 50, a full 20 points below the required score of 70. Thus, based upon this evidence, the Court cannot find the ALJ's RFC determination as to Plaintiff's mental impairments is supported by substantial evidence in the record.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of March 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE